UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X

MARTINE LACROIX,

                        Plaintiff,

- against -

TRANS UNION LLC,

                        Defendant.

----------------------------------------------------------X

**REPORT AND RECOMMENDATION**
**09-CV-1741 (JBW)(LB)**

**BLOOM, United States Magistrate Judge:**

The instant action was referred to me for all pretrial purposes. Plaintiff failed to appear at two Fed. R. Civ. P. 16 conferences and has failed to contact the Court or defendant's counsel. The Court's June 5, 2009 Order explicitly warned plaintiff that I would recommend that her case should be dismissed if she failed to appear at the July 22, 2009 conference. Document 6. Plaintiff did not appear. Accordingly, it is respectfully recommended that plaintiff's case should be dismissed.

## BACKGROUND

Plaintiff commenced this *pro se* action in Civil Court of the City of New York, Kings County on March 4, 2009 alleging that defendant violated her rights under the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq*. See Document 1 at 6, Plaintiff's Intent to Sue letter. Defendant removed the action to this Court and filed an answer denying the allegations. Document 3.

The Court held an initial pretrial conference pursuant to Fed. R. Civ. P. 16 on June 4, 2009. Plaintiff did not appear at the conference and did not contact the Court or defendant's counsel to request an adjournment prior to the scheduled conference. Although plaintiff failed to appear, the Court rescheduled the initial conference to afford plaintiff a chance to appear on July 22, 2009, and warned plaintiff that if she failed to appear, the Court would recommend that her case should be

dismissed. On July 22, 2009, plaintiff again failed to appear for the conference and has not contacted defendant's counsel or the Court.

## DISCUSSION

Rule 16(f) of the Federal Rules of Civil Procedure provides: "[o]n motion or on its own, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney . . . fails to appear at a scheduling or other pretrial conference; . . . or fails to obey a scheduling or other pretrial order . . . ." Under Rule 37(b)(2)(A)(v), the Court may dismiss the complaint for a party's failure to comply with a Court Order. See Federal Rule of Civil Procedure 37(b)(2)(A) ("[T]he court where the action is pending may issue further just orders. They may include the following: . . . (v) dismissing the action or proceeding in whole or in part."). The sanction of dismissal "may be imposed even against a plaintiff who is proceeding *pro se*, so long as warning has been given that noncompliance can result in dismissal." Valentine v. Museum of Modern Art, 29 F.3d 47, 49 (2d Cir. 1994).

The Court explicitly warned plaintiff that her action would be dismissed if she failed to timely appear for the conference on July 22, 2009. Plaintiff did not contact the Court or defendant's counsel and again failed to appear. Plaintiff should not be afforded unlimited chances to obey the Court's Orders. Plaintiff has twice failed to attend Court conferences despite the Court's explicit warning that her case would be dismissed if she failed to appear.

## CONCLUSION

Accordingly, it is recommended that plaintiff's action should be dismissed pursuant to Fed. R. Civ. P. 16(f) and 37(b)(2)(A)(v).

## FILING OF OBJECTIONS TO REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections. See also Fed. R. Civ. P. 6. Such objections (and any responses to objections) shall be filed with the Clerk of the Court. Any request for an extension of time to file objections must be made within the ten day period. Failure to file a timely objection to this Report generally waives any further judicial review. Marcella v. Capital District Physician's Health Plan, Inc., 293 F.3d 42 (2d Cir. 2002); Small v. Secretary of Health and Human Services, 892 F.2d 15 (2d Cir. 1989); see Thomas v. Arn, 474 U.S. 140 (1985).

SO ORDERED.

/Signed by Judge Lois Bloom/
LOIS BLOOM
United States Magistrate Judge

Dated: July 23, 2009
      Brooklyn, New York